UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:06CV-150

IN RE:
**ROBIN RENEE HANEY**                                                    **DEBTOR-APPELLANT**

**V.**

**RICHARD F. CLIPPARD,**
**U.S. TRUSTEE, REGION 8**                                               **APPELLEE**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on an appeal by Debtor-Appellant Robin Renee Haney of the Bankruptcy Court's Order dismissing her Chapter 7 bankruptcy petition. The Bankruptcy Court dismissed her petition pursuant to 11 U.S.C. §707(b)(1) and (3) holding that allowing Haney's petition to proceed would result in an abuse of the provisions of Chapter 7 because Haney had acted in "bad faith" when she chose to file a single bankruptcy petition and failed to include her husband's significant financial resources in the bankruptcy. Fully briefed, this matter is ripe for decision. For the following reasons, the Court affirms the decision of the Bankruptcy Court.

### FACTS

The Bankruptcy Court made the following findings of fact in its October 19, 2006 Memorandum:

On June 8, 2006, the debtor commenced this bankruptcy proceeding under Chapter 7. Even though married, the debtor's husband did not join with the debtor in filing the bankruptcy petition. The debtor testified that she has been married for twenty-five (25) years and that she has two adult children. On Schedule I of her bankruptcy petition, the debtor did not provide the income of her non-filing spouse, even though the standard form clearly directs that the non-filing spouse's information must be provided. This information was included in the debtor's Amended Schedules I and J, filed one month after the filing of the

debtor's original schedules. Schedule I indicates that the debtor receives approximately $366 a month from Social Security Disability. In her Schedule J statement of expenses, the debtor indicated she has monthly bills of approximately $890. The debtor testified that her husband pays many of her monthly bills, including rent/mortgage payments, electricity, water, home maintenance, and insurance. The debtor also testified that she and her husband share one checking account and that all monthly bills are paid from this account. At one point in the debtor's testimony, she stated that she does not write checks from this account, but she later contradicted herself when she admitted writing checks from this checking account. On the Form 22 Statement of Current Monthly Income and Means Test Calculation, the debtor indicated that her husband's monthly income is approximately $6,304.31. This figure conflicts with the debtor's Amended Schedule I which indicates the debtor's husband's monthly income is approximately $7,153.00. Form 22 also states that none of the debtor's husband's income is regularly contributed to the household expenses of the debtor. This obviously conflicts with her own sworn testimony at the hearing. The debtor also testified that she alone makes the payments on her vehicle in the amount of $294 a month, which is approximately 80% of her monthly income. Moreover, this vehicle was purchased at a time when she knew her sole source of income was limited to her Social Security Disability checks. The debtor's Schedule F shows that, among other debts, the debtor has a credit card debts owed to the Bank of America in the amount of $16,500. Debtor testified that her plan was to pay this off by making her minimum monthly payment of $20 to $30. Of this $16,500, approximately $4,200 was incurred in December 2005 for, among other things, Christmas presents. Finally, under the debtor's Amended Schedules I and J, the debtor and her husband could contribute approximately $1,604 a month to a Chapter 13 plan of reorganization.

After making its findings of fact, the Bankruptcy Court dismissed the Debtor-Appellant's bankruptcy petition, holding that under § 707(b)(1) and (3) of the Bankruptcy Code, the petition had been filed in "bad faith" and constituted "an abuse of the provisions of Chapter 7." The Bankruptcy Court cited the debtor's failure to be forthright in her sworn schedules and her sworn testimony and her decision to file a single bankruptcy petition and not to include her husband's significant financial resources therein as evidence of her "bad faith" and "abuse" of the provisions of Chapter 7.

Following the issuance of the Bankruptcy Court's Memorandum Opinion and Order dismissing the Debtor-Appellant's bankruptcy petition, the Debtor-Appellant filed a Notice of Appeal. The Notice of Appeal incorrectly indicates that the Appellant is appealing the Bankruptcy Court's Notice of Dismissal instead of its Order of Dismissal.[1]

## STANDARD OF REVIEW

A district court is bound by a bankruptcy court's findings of fact unless they are clearly erroneous. And while a district court generally review a bankruptcy court's conclusions of law *de novo*, Nicholson v. Isaacman (In re Isaacman), 26 F.3d 629, 631 (6th Cir. 1994), it reviews a bankruptcy court's decision to dismiss a Chapter 7 case for "bad faith" of the debtor under the abuse of discretion standard. In re Zick, 931 F.2d 1124, 1126 (6th Cir. 1991). A district court may find an abuse of discretion when it has "a definite and clear conviction that the trial court committed a clear error of judgment." Bowling v. Pfizer, Inc., 102 F.3d 777, 780 (6th Cir. 1996).

## DISCUSSION

**A. The Notice of Appeal**

First, the Court holds that it has jurisdiction over this matter despite Appellee's assertion that Appellant Haney's Notice of Appeal is defective. The Appellee claims that the Court lacks jurisdiction over this appeal because Haney listed the Bankruptcy Court's Notice of Dismissal in its Notice of Appeal, instead of the Bankruptcy Court's Order of Dismissal.

The statute which bestows jurisdiction on the Court here provides that the "district courts of the United States shall have jurisdiction to hear appeals...(1) from final judgments, orders, and

---

[1] The Appellant's Notice of Appeal states: "Comes the Debtor, Robin R. Haney, by and through counsel, and appeals under 28 USC §158(a) or (b) from the Notice of Dismissal entered by Bankruptcy Judge, David T. Stosberg on October 19, 2006 entered as a result of a Motion to Dismiss filed by the United States Trustee..."

decrees"of bankruptcy courts. 28 U.S.C. §158(a)(1). The applicable federal bankruptcy rule requires that a "notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee." U.S.C. Bankruptcy R. 8001(a)(2). Finally, the federal rule which generally governs notices of appeal provides that a "notice of appeal must...designate the judgment, order, or part thereof being appealed..." USC Fed. R. App. Proc. R.(3)(c)(1)(B).

While, for some matters, it is important to consider the relationship between Bankruptcy Rule 8001(a)(2) and Fed. Rule App. Proc. R. (3),[2] the Court holds that under either rule, it has jurisdiction over this appeal despite the Notice of Appeal's potential defect. The Supreme Court rejected an argument similar to Appellee's in State Farm Mutual Auto. Insurance Co. v. Palmer in which it held that an appeal should not have been dismissed solely because the notice of appeal designated the trial court's denial of its motion for new trial rather than the judgment against it. 350 U.S. 944 (1956). Further, in Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 229, (1962), the Supreme Court held that if, from the proceedings on appeal and from the notice of appeal itself, it becomes apparent that the appeal was intended to have been taken from an unspecified judgment, the notice may be construed as bringing up the unspecified order for

---

[2]The courts of appeals have disagreed as to whether Rule 3(c) is coextensive with Rule 8001(a) or altogether inapplicable in the bankruptcy context. See Fadayiro v. Ameriquest Mortgage Co., 371 F.3d 920, 921 (7th Cir. 2004) (holding that Rule 8001(a), rather than Rule 3(c), applies to notices of appeal from bankruptcy court decisions); United States v. Arkison (In re Cascade Rds.), 34 F.3d 756, 761 (9th Cir. 1994) (holding that Rule 8001(a), not Rule 3(c), applies to notices of appeal from bankruptcy court decisions); In re Case, 937 F.2d 1014, 1021 (5th Cir. 1991) (exclusively applying Rule 8001(a)); but see In re Continental Airlines, 125 F.3d 120, 128-29 (3d Cir. 1997) (applying Rule 3(c) to notice of appeal from bankruptcy decision); and Storage Technology Corp. v. United States District Court, 934 F.2d 244, 247-48 (10th Cir. 1991) (applying the pre-1993 Amendments version of Rule 3(c) in interpreting Rule 8001(a)).

review. These cases comport with the Sixth Circuit's rule that the jurisdictional requirements of Fed. R. App. P. 3( c) are to be construed and applied liberally. Caudill v. Hollan, 431 F.3d 900. 907 (6th Cir. 2005). Accordingly, the Court concludes that it has jurisdiction here, where the Appellant's Brief makes clear that she is appealing the Bankruptcy Court's Order dismissing her case, even though her Notice of Appeal incorrectly refers to the bankruptcy court's Notice of Dismissal.

**B. The Bankruptcy Court's Conclusions of Law**

Section 707(b)(1) of the Bankruptcy Code provides that a court "may dismiss a case filed by an individual debtor under this chapter...if it finds that the granting of relief would be an abuse of the provisions of this chapter." 11 U.S.C. §707(b)(1). The statute further provides that in considering "whether the granting of relief would be an abuse of the provisions of this chapter...the court shall consider whether (A) the debtor filed the petition in bad faith; or (B) the totality of the circumstances ...of the debtor's situation demonstrates abuse." 11 U.S.C. §707(b)(3).

In determining whether to dismiss a case under § 707(b)(3)(A), a bankruptcy court must determine whether a bankruptcy petition was brought in "bad faith." The Sixth Circuit generally uses the "smell test" to determine what constitutes "bad faith."[3] See, e.g., In re Zick, 931 F.2d 1124, 1129 (6th Cir. 1991). This test is used because good faith is an "amorphous notion, largely defined by factual inquiry" and "no list is exhaustive of all the conceivable factors that could be

---

[3]"The most important item in the courtroom and all too seldom used is the judge's nose. Any trial judge will inevitably come the conclusion on occasion that certain case or claim or defense has a bad odor. Simply put, a matter smells. Some smell so bad they stink." In re Merritt 2000 U.S. App. LEXIS 6877 (6th Cir.)(quoting Morgan Fiduciary, Ltd. v. Citizens & S. Int'l Bank, 95 B.R. 232 (S.D. Fla. 1988)).

relevant in analyzing a particular debtor's good faith." In re Charfoos, 979 F.2d 390, 393 (6th Cir. 1992). However, the Sixth Circuit has held that dismissal based on lack of good faith should be "confined carefully and...utilized only in ...egregious cases," *such as* where the debtor "has misrepresented assets and/or sources of income. "In re Zick at 1129. Under this explicit standard of "bad faith," then, the bankruptcy court did not commit error in dismissing the petition here where the debtor failed to provide the income of her non-filing spouse (with whom she shares a checking account) on the Schedule I form, even though that form clearly requires that the non-filing spouse's information be provided.

In addition to the "bad faith" standard of §707(b)(3)(A), section 707(b)(3)(B) provides that a bankruptcy petition should also dismissed if, upon considering a totality of the circumstances, the debtor's situation demonstrate's "abuse." Accordingly, the Sixth Circuit has directed that "a court should ascertain from the totality of the circumstances whether [a debtor] is merely seeking an advantage over his creditors, or instead is "honest," in the sense that his relationship with his creditors has been marked by essentially honorable and undeceptive dealings, and whether he is "needy" in the sense that his financial predicament warrants the discharge of his debts in exchange for liquidation of his assets." In re Behlke 358 F.3d 429, 433 (6th Cir. 2004) (quoting In re Krohn, 886 F.2d 123, 126 (6th Cir. 1989)). Thus, "abuse" under §707(b)(3)(B) may be "be predicated upon either lack of honesty or want of need."  This is in keeping with the goals of bankruptcy which are "to provide an honest debtor with a fresh start and to provide for an equitable distribution to creditors." In re Zick at 1128 (quoting In re Krohn at 127-128). A court determines whether a debtor is "needy" based, in part, upon a debtor's ability to repay her debts, In re Krohn at 126, and this analysis may include a consideration of whether a debtor "enjoys a stable source of future income," including the income of a debtor's

non-filing spouse. In re Wilkerson, 168 B.R. 626 (N.D. Ohio 1994); In re Deandria Smith, 157 B.R. 348 (N.D.Ohio 1993). Using these factors, it is clear that based upon Ms. Haney's lack of candor in her sworn statements and her sworn testimony, and upon the significant financial resources of her husband with whom she shares both income and expenses, Ms. Haney lacked both honesty and need. Thus, the Bankruptcy Court did not err in holding that, upon a consideration of the totality of the circumstances, granting Ms. Haney relief would constitute an "abuse" of the provisions of Chapter 7.

Reviewing for abuse of discretion, the Court may only reverse if it is left with a definite and firm conviction that the bankruptcy court committed a clear error in judgment. Here, the Court has no such conviction and, thus, it affirms the Bankruptcy Court's decision to dismiss the Debtor-Appellant's bankruptcy petition pursuant to 11 U.S.C. §707(b)(1) and (3).

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the decision of the bankruptcy court.

cc: Counsel of Record
    US Bankruptcy Court WD/KY